WALLACE, Judge.
Philip D. Kaltenbacher appeals a final judgment confirming a securities arbitration award that granted his claims in part against Richard Angelotti and Edward Rosenberg and denied his claims against Morgan Keegan and Company, Inc. Mr. Kaltenbacher challenges the circuit court’s denial of his motion to vacate the arbitration panel’s award. Morgan Keegan cross-appeals the final judgment and challenges the circuit court’s denial of its request for an award of the attorney’s fees that it incurred in defending Mr. Kaltenbacher’s motion to vacate.
Mr. Kaltenbacher has failed to demonstrate reversible error in the circuit court’s denial of his motion to vacate the arbitration award. Accordingly, on the direct appeal, we affirm the final judgment without further comment. On Morgan Kee-gan’s cross-appeal, we reverse the final judgment to the extent that it denied Morgan Keegan’s request for the attorney’s fees that it incurred in defending the motion to vacate in the circuit court.
The Client Agreement between Morgan Keegan and Mr. Kaltenbacher included the following pertinent provision: *1129 The fees incurred by Morgan Keegan in defending the motion to vacate fall within the language of this attorney’s fee clause. Absent some compelling reason to the contrary, the circuit court was obligated to enforce this provision. See Lashkajani v. Lashkajani, 911 So.2d 1154, 1158 (Fla. 2005) (“Trial courts do not have the discretion to decline to enforce ... provisions [in contracts for awards of fees and costs to the prevailing party], even if the challenging party brings a meritorious claim in good faith.”).
*1128 Any expense, including attorney’s fees (whether for outside or inside counsel) incurred by Morgan Keegan in defense of an action brought by the undersigned against Morgan Keegan or its agents or employees in connection with any account of the undersigned shall be borne solely by the undersigned should Morgan Keegan prevail.
*1129 Mr. Kaltenbacher argues that Morgan Keegan is not entitled to an award of attorney’s fees for defending the motion to vacate in the circuit court because the arbitration panel declined to award Morgan Keegan any attorney’s fees in connection with the arbitration proceeding.[1] We disagree.
After the arbitration panel made its decision, Mr. Angelotti and Mr. Rosenberg tendered to Mr. Kaltenbacher all monies due from them in accordance with the arbitration award. Thus the arbitration proceeding was concluded. When Mr. Kaltenbacher filed his motion to vacate in the circuit court, he began a separate proceeding. The arbitration panel’s ruling on entitlement to attorney’s fees was not binding on the circuit court in the separate action initiated by Mr. Kaltenbacher to vacate the arbitration panel’s award. Under these circumstances, Morgan Keegan was entitled under the Client Agreement to an award of attorney’s fees for defending the motion to vacate in the circuit court. See Burton Corp. v. Shanghai Viquest Precision Indus. Co., No. 10 Civ. 3163(DLC), 2010 WL 3024319 (S.D.N.Y. Aug.3, 2010) (slip, opinion) (ruling that Vi-quest was entitled under a prevailing party provision in the parties’ contract to its attorney’s fees and costs incurred in successfully opposing Burton’s petition to vacate an arbitration award and in obtaining an order confirming the award; no fees were awarded in the underlying arbitration proceeding); Elite Inc. v. Texaco Pan. Inc., 777 F.Supp. 289, 292 (S.D.N.Y.1991) (ruling that Texaco was entitled to attorney’s fees and costs under a prevailing party provision in the parties’ agreement for successfully defending Elite’s motion to vacate an arbitration award and for obtaining an order confirming the award); Trans-Asiatic Oil Ltd. S.A. v. UCO Marine Int’l Ltd., 618 F.Supp. 132, 137 (S.D.N.Y.1985) (awarding Trans-Asiatic additional attorney’s fees under a contractual fee provision for fees that were incurred in opposing UCO’s petition to vacate an arbitration award and in support of a cross-petition to confirm the award).
For the foregoing reasons, we reverse the final judgment to the extent that it denied Morgan Keegan’s motion for an award of the attorney’s fees that it incurred in the circuit court action and remand for further proceedings. In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and CRENSHAW, JJ., Concur.

. We have considered Mr. Kaltenbacher’s other arguments in opposition to Morgan Kee-gan’s claim for attorney’s fees and find them to be without merit. Mr. Kaltenbacher’s other arguments do not warrant further discussion.